UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

J.C.,

    Plaintiff,

vs.

SHELBY EARL SHANNON and
CHURCH OF THE LIVING GOD,

    Defendants/Third-Party Plaintiff,

vs.

CHURCH MUTUAL INSURANCE
COMPANY,

    Third-Party Defendant.

Civil Action No. 4:15-CV-1279

City of St. Louis Cause No.: 1322-CC08634

TO:   THE CLERK OF UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

DEFENDANT/THIRD-PARTY PLAINTIFF SHELBY EARL SHANNON AND HIS ATTORNEY, CHARLES E KIRKSEY, JR., BELL KIRKSEY & ASSOCIATES, 7382 PERSHING, 1W, ST. LOUIS, MO 63130

### NOTICE OF REMOVAL TO FEDERAL COURT OF SEVERED CLAIMS

Defendant Church Mutual Insurance Company ("Church Mutual") by and through its attorneys, Evans & Dixon, LLC files this Notice of Removal to remove the insurance coverage action that was severed from an underlying liability action brought in the 22nd Judicial Circuit Court of the City of St. Louis, State of Missouri to the United States District Court for the Eastern District of Missouri. In support of its Notice of Removal, Church Mutual states as follows:

## I.     Removal Procedure

1.     Church Mutual is incorporated and has its principal place of business in Wisconsin and is therefore a citizen of Wisconsin. Its address is 3000 Schuster Lane, Merrill, Wisconsin 54552.

2.     Plaintiff Shelby Earl Shannon is an individual resident of the State of Missouri.

3.     Plaintiff Shelby Earl Shannon is the defendant in an action brought by "J.C." in the 22nd Judicial Circuit Court of the City of St. Louis, State of Missouri, Case No. 1322-CC08634, Division No. 31 (the "Liability Action"). The Liability Action arises out of allegations that Shelby Earl Shannon engaged in sexual misconduct toward J.C. when J.C. was a minor.

4.     Plaintiff Shelby Earl Shannon subsequently filed a Third-Party Petition against Church Mutual (the "Coverage Action") in connection with the Liability Action, alleging that an insurance policy issued by Church Mutual provided insurance coverage to Shannon for the Liability Action. The Third Party Petition seeks relief only against Church Mutual and not against J.C. A copy of the Third Party Petition is attached hereto as **Exhibit A**. A copy of J.C.'s Petition in the Liability Action is attached to the Third Party Petition.

5.     The Third Party Petition was served on Church Mutual on February 19, 2015.

6.     Church Mutual brought a motion to sever the Coverage Action from the Liability Action. A true and correct copy of Church Mutual's Motion and related Notice and Amended Notice of Hearing are attached hereto as **Exhibit B**.

7.     By Order signed July 20, 2015 and filed July 21, 2015, the Circuit Court of the City of St. Louis, State of Missouri granted Church Mutual's motion to sever. A true and correct copy of the Order is attached hereto as **Exhibit C**.

8. In the Liability Action, the trial court awarded $3,000,000 in a default judgment for the sexual misconduct engaged by Shelby Earl Shannon toward J.C.  A true and correct copy of the June 2, 2015 Default Judgment is attached hereto as **Exhibit D**.

9. Severed claims may be removed to federal court provided that jurisdiction otherwise exists. *See, e.g. Viles v. Sharp*, 248 F. Supp. 271, 273 (W.D. Mo. 1965) (severed claim could be removed to federal court provided that it met the amount in controversy requirement).

10. Church Mutual is seeking to remove to federal court only the claims comprising the Coverage Action.  Church Mutual is not a party to the Liability Action.

11. In the Coverage Action, Shelby Earl Shannon seeks to have Church Mutual "cover such risks as are alleged in Plaintiff J.C.'s petition and indemnify Defendant/Third-Party-Plaintiff Shannon … against any judgment amounts awarded therefore." (Third Party Petition ¶ 5).

12. The amount in controversy in the Coverage Action exceeds the sum of $75,000, exclusive of interest and costs.  Ex. D.

13. Because this Coverage Action is pending in a Missouri state court in the Circuit Court of the City of St. Louis, removal of the Third Party Petition to the United States District Court for the Eastern District of Missouri is proper under 28 U.S.C. § 1441.

14. As provided by 28 U.S.C.A. § 1446(b)(1) and (b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

15. The U.S. Supreme Court has interpreted the applicable removal statute as follows:

> In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional

3

> requirements…may remove the case to federal court within 30 days of receiving such information.

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69, 117 S. Ct. 467, 472-73, 136 L. Ed. 2d 437 (1996), citing 28 U.S.C.A. § 1446(b), (c).

16. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Church Mutual in the Coverage Action are attached as Exhibits A, B and C hereto.

17. As required under 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of the date of the Order granting its Motion to Sever and thereby establishing the claim for relief upon which this removal is based.

## II.    This Court has Diversity Jurisdiction Over This Matter

18. The United States District Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this matter is a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In determining the existence of diversity jurisdiction, the court is to look into "the principal purpose of the suit" and, with the parties arranged "according to their sides in the dispute," there must be an "actual" and "substantial" controversy. *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966) (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941); other internal citations omitted). The controversy must be "between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis*, 314 U.S. at 69.

19. The principal purpose of the Coverage Action is to determine whether Church Mutual is obligated to provide coverage to Shelby Earl Shannon under a policy of insurance

issued by Church Mutual and indemnify Shannon for the claims brought by J.C. in the Liability Action.

20. As stated above, Plaintiff Shelby Earl Shannon is an individual resident of the State of Missouri. Defendant Church Mutual is a citizen of Wisconsin. Thus, complete diversity exists, providing this Court with subject matter jurisdiction under 28 U.S.C. § 1332.

21. A Notice of Filing Notice of Removal of Severed Claims and a copy of this Notice of Removal to Federal Court of Severed Claims have been sent for filing in the Circuit Court of the City of St. Louis, State of Missouri as required by 28 U.S.C. § 1446(d) and copies of the same have been served upon Plaintiff's counsel as verified by the attached proof of service.

WHEREFORE, Defendant Church Mutual Insurance Company requests that the Coverage Action be removed to the United States District Court for the Eastern District of Missouri and that all further pleadings in that portion of the action be held before this Court.

*/s/ Benjamin M. Fletcher*
Benjamin M. Fletcher, Bar No.: 58309
EVANS & DIXON, LLC
211 North Broadway, 25th Floor
St. Louis, MO 63102
Phone: 314-621-7755
Fax:  314-884-4454
bfletcher@evans-dixon.com

-and-

BASSFORD REMELE, P.A.

Christian A. Preus, *Pro Hac Vice Motion Pending*
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707
Phone: 612-333-3000
Fax: 612-746-1249
cpreus@bassford.com

*Attorneys for Third-Party Defendant Church Mutual Insurance Company*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2015 the foregoing instrument was electronically filed with the Clerk of the Court and served upon all counsel of record via means of the Notice of Electronic Filing. Also, a copy of the foregoing was placed in the U.S. Mail to counsel for Mr. Shannon:

> Charles E. Kirksey, Jr.
> Bell Kirksey & Associates
> 7382 Pershing, 1 W
> St. Louis, MO 63130

*/s/ Benjamin M. Fletcher*