15-CM83-1

# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1322-CC08634 |
|---|---|
| Plaintiff/Petitioner:<br>J C | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES C. LERITZ<br>555 WASHINGTON AVE<br>SUITE 600<br>ST. LOUIS, MO 63101883 |
| vs. | |
| Defendant/Respondent and Third-Party Plaintiff/Petitioner:<br>SHELBY EARL SHANNON | Defendant's/Respondent's and Third Party Petitioner's/Plaintiff's Attorney/Address:<br>STEVEN JAMES HUGHES<br>100 S 4TH ST<br>SUITE 400<br>SAINT LOUIS, MO 63102 | SERVED THIS 19 DAY OF Feb, 20 15<br>TIME 905 A.M<br>MANNER P/S<br>PLACE Church Mutual<br>Jeff Jaeger<br>Sheriff-Lincoln County<br>By _____ 130<br>Deputy Sheriff<br>(Date File Stamp) |
| vs. | | |
| Third-Party Defendant/Respondent:<br>CHURCH MUTUAL INSURANCE COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |

## ALIAS Third-Party Summons

The State of Missouri to: CHURCH MUTUAL INSURANCE COMPANY
Alias:

3000 SCHUSTER LANE
MERRILL, WI 54452



COURT SEAL OF
CITY OF ST LOUIS

You are summoned to appear before this court to file your pleading to the petition, copy of which is attached, and file your pleading to the third party petition, copy of which is attached, and serve a copy of each of your pleadings on the attorney for the Plaintiff/Petitioner and the attorney for the Defendant/Respondent and the Third-Party Plaintiff/Petitioner, all within 30 days after the service of this summons, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party petition.

FEBRUARY 11, 2015
Date

_Thomas Kloeppinger_
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Directions to Clerk

The third party summons should be handled in the same manner as an ordinary summons except that a copy of both the Plaintiff's/Petitioner's petition and the Third-Party Plaintiff's/Petitioner's petition should be attached to the copy of the summons to be served upon the Third-Party Defendant/Respondent. If either the Plaintiff/Petitioner or the Third-Party Plaintiff/Petitioner, respectively, have no attorney, the address of Plaintiff/Petitioner or Third-Party Plaintiff/Petitioner should be stated in the appropriate field in summons. (See Rule 52.11.)

OSCA (7-99) SM100 (SMTP) *For Court Use Only*: Document ID# 15-SMTP-9        1 of 2   (1322-CC08634)        Civil Procedure Form No.2; Rule 86.05;
523.030RSMo

**REMOVAL EXHIBIT A**

Electronically Filed - City of St. Louis - November 19, 2013 - 11:31 AM GMT+00:00

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| J.C., | ) | |
| Plaintiff, | ) | Cause No. 1322-CC08634 |
| | ) | Division 1 |
| vs. | ) | |
| | ) | |
| SHELBY EARL SHANNON, | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| vs. | ) | |
| CHURCH MUTUAL INSURANCE COMPANY, | ) | |
| Third-Party Defendant | ) | |

### DEFENDANT SHELBY SHANNON'S THIRD PARTY PETITION AGAINST CHURCH MUTUAL INSURANCE COMPANY

Comes now Defendant/Third-Party Plaintiff Shelby Shannon against Church Mutual Insurance Company, Third-Party Defendant herein, and alleges as follows:

1) Plaintiff, J.C., has filed an action against Defendants Shelby Shannon and Church of the Living God. A true copy of the Petition in that action is attached hereto, made a part hereof and marked Exhibit 1.

2) In his petition, J.C., alleges that Defendant/Third-Party Plaintiff Shannon instigated and engaged in sexual intercourse and other sexual misconduct with Plaintiff while a minor.

3) J.C. further alleges that the acts took place on the property of Church of the Living God and that the church was the principal and supervisor of Defendant/Third Party-Plaintiff Shannon and had the ability to control Defendant/Third Party-Plaintiff Shannon's actions.

**REMOVAL EXHIBIT A**

4) That both Defendant/Third-Party-Plaintiff Shannon and Defendant the Church of the Living God were insureds of a certain policy of insurance purchased by the Defendant Church through the efforts of Defendant/Third-Party Plaintiff Shannon from Third Party-Defendant Church Mutual Insurance Company.

5) That said insurance policy obligates Third-Party Defendant Church Mutual Insurance Company to cover such risks as are alleged in Plaintiff J.C.'s petition and indemnify Defendant/Third-Party-Plaintiff Shannon and Defendant Church against any judgment amounts awarded therefore.

6) In the event that Plaintiff recovers judgment in such action against Third-Party-Plaintiff then Third-Party Plaintiff will be entitled to a judgment in similar amount against Third-Party Defendant.

WHEREFORE, Third-Party Plaintiff prays for judgment against Third-Party-Defendant for any amounts awarded herein in favor of Plaintiff and against Defendant/Third-Party-Plaintiff for all costs and expenses incurred herein, and for such other and further relief as the Court may deem just in the premises.

> BELL, KIRKSEY & ASSOCIATES
>
> /s/CHARLES E. KIRKSEY, JR.
> CHARLES E. KIRKSEY, JR. - 24792
> ATTORNEY FOR DEFENDANT
> 7382 Pershing, 1W
> St. Louis, Missouri 63130
> (314) 863-5001
> (314) 869-5007/fax

### CERTIFICATE OF SERVICE

A copy of the foregoing was e-filed on November 19, 2013 to Mr. James C. Leritz, Attorney at Law, 555 Washington Avenue, Suite 600, St. Louis, Missouri 63101-1883

> /s/charlesekirksey, Jr.

**REMOVAL EXHIBIT A**

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| J.C., | ) | |
| Plaintiff, | ) | Cause No. 1322-CC08634 |
| | ) | Division 1 |
| vs. | ) | |
| | ) | |
| SHELBY EARL SHANNON, | ) | |
| Defendant. | ) | |
| and. | ) | |
| CHURCH OF LIVING GOD, | ) | |
| Defendant. | ) | |

## DEFENDANT SHANNON'S MOTION FOR LEAVE TO FILE-THIRD PARTY PETITION

Comes now Defendant Shannon and for motion states:

1) Defendant Shannon by this motion seeks leave to file his Third-Party Petition against Church Mutual Insurance Company.

2) That Defendant Shannon, an employee of the Church of the Living God, and said Church entered into a policy of insurance with Church Mutual Insurance Company to cover church employees against the type of misconduct alleged in Plaintiff's petition.

3) That Defendant Shannon believes that by this contractual insurance agreement he is entitled to be indemnified by Church Mutual Insurance Company for any money judgments awarded Plaintiff as and against him.

**REMOVAL EXHIBIT A**

Electronically Filed - City of St. Louis - November 19, 2013 - 11:31 AM GMT+00:00

4) That the ends of justice warrant the relief prayed.

WHEREFORE, Defendant Shannon requests leave to file his Third-Party Petition against Church Mutual Insurance Company and for such other orders as the court deems appropriate in the premises.

                                        BELL, KIRKSEY & ASSOCIATES

                                        /s/CHARLES E. KIRKSEY, JR.
                                        CHARLES E. KIRKSEY, JR. - 24792
                                        ATTORNEY FOR DEFENDANT
                                        7382 Pershing, 1W
                                        St. Louis, Missouri 63130
                                        (314) 863-5001
                                        (314) 869-5007/fax

## CERTIFICATE OF SERVICE

A copy of the foregoing was e-filed on November 14, 2013 to Mr. James C. Leritz, Attorney at Law, 555 Washington Avenue, Suite 600, St. Louis, Missouri 63101-1883

                                                              /s/charlesekirksey,jr.

**REMOVAL EXHIBIT A**

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| J.C. ) | |
| ) | |
| Plaintiff, ) | Case No. 1322-CC08634 |
| ) | |
| vs. ) | Division No. 1 |
| ) | |
| SHELBY E. SHANNON, and ) | |
| CHURCH OF THE LIVING GOD, ) | |
| ) | |
| Defendants. ) | |

### FIRST AMENDED PETITION

Comes Now plaintiff and for his first amended petition states as follows:

### COUNT I

1. Plaintiff, whose date of birth is February 12, 1986, is a resident of the State of Missouri.

2. Defendant Shelby E. Shannon is a resident of the State of Missouri.

3. Defendant Church of the Living God ("the church") is a Missouri corporation with its principal place of business in the State of Ohio.

4. On numerous occasions during the years 2002 and 2003 and at other times when plaintiff was a minor, Shannon instigated and engaged in sexual intercourse, sodomy, deviate sexual intercourse, deviate sexual assault, sexual misconduct, sexual abuse, and other acts with plaintiff, all without plaintiff's consent and by the use of forcible compulsion, and all on property located in the City of St. Louis.

5. As a direct and proximate result of such actions plaintiff has sustained severe and permanent physical, emotional, and psychological damage, and will suffer further such damage in the future; has incurred expenses for medical and psychological treatment and therapy, and

1

REMOVAL EXHIBIT A

will incur further such expenses in the future; has lost wages and will lose further wages in the future.

6. Shannon's conduct was intended to and did cause extreme emotional distress to plaintiff, and was outrageous because of his evil motive and reckless indifference to the plaintiff's rights.

WHEREFORE Plaintiff prays for judgment against defendant Shannon for compensatory damages in an amount exceeding $25,000, for punitive damages, and for such further relief as the Court deems just.

## COUNT II

7. Plaintiff restates paragraphs 1 through 6 as if fully set out here.

8. At all times relevant defendant Shannon was acting as an agent, employee, and servant of the church, in that he was a clergyman, minister or pastor of the church.

9. The acts of Shannon as set out above took place on property owned, possessed, controlled, and operated by the church, and Shannon was privileged to enter onto that property and did enter onto that property only as an agent, employee, or servant of the church.

10. At all times relevant the church, and its agents, employees, officers, principals, and clergy, were supervisors of Shannon, in that they had the ability to control the actions of Shannon, and knew or could and should have known of the necessity of controlling Shannon's actions in order to protect those on the property, but they intentionally and negligently failed to control his actions so as to protect plaintiff and others from harm.

11. At all times relevant the church, and its agents, employees, officers, principals, and clergy, were aware that children including plaintiff were likely to and did come onto the

**REMOVAL EXHIBIT A**

property and spent time there, but they negligently and intentionally failed to properly supervise the children including plaintiff so as to keep them from harm.

12. As a direct and proximate result of such actions and omissions plaintiff has sustained severe and permanent physical, emotional, and psychological damage, and will suffer further such damage in the future; has incurred expenses for medical and psychological treatment and therapy, and will incur further such expenses in the future; has lost wages and will lose further wages in the future.

13. The conduct of the church, and its agents, employees, officers, principals, and clergy was intended to and did cause extreme emotional distress to plaintiff, and was outrageous because of the evil motive and reckless indifference to the plaintiff's rights.

WHEREFORE Plaintiff prays for judgment against the church for compensatory damages in an amount exceeding $25,000, for punitive damages, and for such further relief as the Court deems just.

## COUNT III

14. Plaintiff restates paragraphs 1 through 13 as if fully set out here.

15. At all times Shannon held himself out as competent and qualified to provide emotional, spiritual, and psychological counseling for persons in need of such counseling.

16. At the request of J.C. and J.C.'s parents, Shannon provided counseling to J.C. on numerous occasions, and he did so as an agent, employee, and servant of the church.

17. Such counseling was for the purpose of helping J.C. with emotional, spiritual, and psychological problems which he was experiencing.

3

**REMOVAL EXHIBIT A**

18. Shannon was negligent in providing counseling to J.C. or in attempting to do so in that he was not a competent or qualified counselor, and that he failed to use due care to provide effective and professional counseling, in that he failed to use due care to insure that his attempts to counsel J.C. did not cause harm to J.C., and in that he knew or could and should have known that his attempts to counsel J.C. would cause harm to J.C.

19. As a direct and proximate result of such acts and omissions, plaintiff has sustained severe and permanent physical, emotional, and psychological damage, and will suffer further such damage in the future; has incurred expenses for medical and psychological treatment and therapy, and will incur further such expenses in the future; has lost wages and will lose further wages in the future.

WHEREFORE Plaintiff prays for judgment against defendant Shannon and the church for compensatory damages in an amount exceeding $25,000, and for such further relief as the Court deems just.

## COUNT IV

20. Plaintiff restates paragraphs 1 through 19 as if fully set out here.

21. At all times relevant Shannon provided counseling to J.C. as an agent, employee, and servant of the church, in that he was a clergyman, minister, or pastor of the church. The counseling sessions took place on property owned, possessed, controlled, and operated by the church in the City of St. Louis, and Shannon was privileged to enter onto that property and did enter onto that property only as an agent, employee, or servant of the church.

22. The church was negligent in the following respects: it held Shannon out to be a competent and qualified counselor when it knew or could and should have known that he was not

4

REMOVAL EXHIBIT A

competent or qualified to provide counseling, it failed to insure that Shannon used due care to provide effective and professional counseling, it failed to use due care to insure that Shannon's attempts to counsel J.C. did not cause harm to J.C., and it knew or could and should have known that Shannon's attempts to counsel J.C. would cause harm to J.C.;

23. As a direct and proximate result of such negligence, plaintiff has sustained severe and permanent physical, emotional, and psychological damage, and will suffer further such damage in the future; has incurred expenses for medical and psychological treatment and therapy, and will incur further such expenses in the future; has lost wages and will lose further wages in the future.

WHEREFORE, Plaintiff prays for judgment against the church for compensatory damages in an amount exceeding $25,000, and for such further relief as the Court deems just.

/s/ James C. Leritz
James C. Leritz, #33830
LERITZ, PLUNKERT & BRUNING, P.C.
555 Washington Avenue, Suite 600
St. Louis, MO 63101
jcleritz@leritzlaw.com
(314) 231-9600
(314) 231-9480 – Facsimile

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of June, 2014, the foregoing was filed electronically with the Clerk of the Court using Case.Net electronic filing system and e-mailed to all counsel of record.

/s/ James C. Leritz

5

**REMOVAL EXHIBIT A**

RECEIVED BY:

FEB 17 2015

LINCOLN CO. SHERIFF

**REMOVAL EXHIBIT A**