# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHELBY EARL SHANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4: 15 CV 1279 CDP |
| ) | |
| CHURCH MUTUAL INS. CO., ) | |
| ) | |
| Defendant, ) | |

## MEMORANDUM AND ORDER

This recently-removed case is before me on plaintiff's motion for remand. Plaintiff Shannon is a minister of the Church of the Living God and a defendant in a state court action alleging that he engaged in sexual misconduct toward J.C. when J.C. was a minor. Shannon filed a third-party petition against defendant insurance company Church Mutual in that case, alleging that an insurance policy issued by Church Mutual provided insurance coverage to him for the underlying action. The third-party petition seeks liability only against Church Mutual, not against J.C., and was served on Church Mutual on February 19, 2015. After being served with the third-party petition, Church Mutual moved to dismiss or, in the alternative, sever the third-party coverage action from the underlying liability action. By Order signed July 20, 2015 and filed July 21, 2015, the state court granted the motion to sever. Church Mutual then removed the severed action to this Court on August 19, 2015, citing diversity jurisdiction under 28 U.S.C. § 1332.

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 593 F.3d 613, 619 (8th Cir. 2010). "Diversity jurisdiction . . . requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *Id.* at 619-20. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Here, the parties are diverse because plaintiff Shannon is a Missouri citizen and defendant Church Mutual is a Wisconsin citizen. The amount in controversy exceeds the jurisdictional threshold because the trial court awarded J.C. a $3,000,000.00 default judgment against Shannon in the underlying liability action and Shannon's third-party petition seeks indemnity from Church Mutual for that judgment.

In his bare-bones motion for remand, Shannon does not dispute that the parties to this coverage action are diverse or that the amount in controversy exceeds the jurisdictional minimum. Instead, Shannon argues for remand on the ground that defendant did not seek removal within 30 days of being served with the third-party petition on February 19, 2015. In support of his argument, Shannon relies on 28 U.S.C. § 1446(b)(1), which requires a defendant to remove an action within 30 days of being served with the state court petition. Shannon's argument, however, is misplaced and does not provide a basis for remand as it relies on the

wrong subsection of the removal statute. 28 U.S.C. § 1446(b)(3), not (b)(1), actually applies to this case and provides that "*if the case stated by the initial pleading is not removable*, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis added). Here, the underlying liability action was not initially removable because plaintiff J.C. and defendant Shannon are both Missouri citizens, thereby destroying diversity. *See Borchert*, 486 F.3d at 346. In addition, Shannon's Missouri citizenship precluded removal under the so-called forum defendant rule. *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992) ("A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed."); 28 U.S.C. § 1441(b). However, once the state court severed the third-party coverage action from the underlying liability action on July 20, 2015, the coverage action became removable because complete diversity existed between Shannon and Church Mutual, Church Mutual was not a Missouri citizen, and the minimum amount in controversy was met. *See Allen v. Atain Specialty Ins. Co.*, 2014 WL 1292662, at * 2 (W.D. Mar. 31. 2014) (state court's order realigning parties in declaratory judgment insurance coverage action "created complete diversity where diversity previously did not exist," so removal within six days of state court's order was timely under 28 U.S.C. § 1446(b)(3)). As Church Mutual

wrong subsection of the removal statute. 28 U.S.C. § 1446(b)(3), not (b)(1), actually applies to this case and provides that "*if the case stated by the initial pleading is not removable*, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis added). Here, the underlying liability action was not initially removable because plaintiff J.C. and defendant Shannon are both Missouri citizens, thereby destroying diversity. *See Borchert*, 486 F.3d at 346. In addition, Shannon's Missouri citizenship precluded removal under the so-called forum defendant rule. *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992) ("A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed."); 28 U.S.C. § 1441(b). However, once the state court severed the third-party coverage action from the underlying liability action on July 20, 2015, the coverage action became removable because complete diversity existed between Shannon and Church Mutual, Church Mutual was not a Missouri citizen, and the minimum amount in controversy was met. *See Allen v. Atain Specialty Ins. Co.*, 2014 WL 1292662, at * 2 (W.D. Mar. 31. 2014) (state court's order realigning parties in declaratory judgment insurance coverage action "created complete diversity where diversity previously did not exist," so removal within six days of state court's order was timely under 28 U.S.C. § 1446(b)(3)). As Church Mutual

removed the coverage action to this Court on August 19, 2015, which is within 30 days of the state court's Order granting the motion to sever, removal was timely under 28 U.S.C. § 1446(b)(3). Shannon's motion for remand on the ground that removal was untimely will be denied.

Shannon also argues that Church Mutual waived its right to remove this case by filing the motion to dismiss and/or sever in state court. The right to removal can be waived by actions undertaken by the defendant in state court. *PR Group, LLC v. Windmill International, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015). "A defendant waives the right to remove by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice a notice of removal with the federal court." *Id.* (internal quotation marks and citations omitted). "Such waiver must be clear and unequivocal." *Id.* "The right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Id.* (internal quotation marks and citations omitted). Here, Church Mutual brought its motion to dismiss in the alternative to severing the coverage action from the liability action. In the motion to dismiss, Church Mutual argued that the coverage action was premature prior to a determination in the liability action. Church Mutual's alternative motion to sever was based on an argument that it would be unduly prejudicial to try the liability action and the coverage action together. Although it found that the coverage action was not premature, the state court agreed that

4

severance was the appropriate remedy to address the potential prejudice to Church Mutual and granted the alternative motion to sever. Because Church Mutual's motions did not address the merits of Shannon's third-party petition and did not seek an adjudication on the merits, the motions did not clearly and unequivocally demonstrate any willingness on Church Mutual's part to litigate in state court. As such, Church Mutual did not waive its right to remove by filing these motions in state court. *See id.* at 1026-27 (defendant did not waive right to removal by filing motion to dismiss for lack of prosecution).

Because this Court has subject-matter jurisdiction over this action, removal was timely, and defendant did not waive its right to remove, the motion for remand will be denied. This case will be set for a Rule 16 conference by separate Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [6] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2015.